IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Fresenius Kabi USA, LLC,** | |
| Plaintiff, | |
| v. | Civil Action No. 13-925-RGA |
| **Dr. Reddy's Laboratories, Ltd.** and **Dr. Reddy's Laboratories, Inc.,** | |
| Defendants. | |
| **Fresenius Kabi USA, LLC,** | |
| Plaintiff, | |
| v. | Civil Action No. 13-1015-RGA |
| **Watson Laboratories, Inc.** and **Actavis, Inc.,** | |
| Defendants. | |

ORDER

As discussed during the pretrial conference held on May 23, 2014, it is ordered:

1.      Plaintiff's Motion in Limine is **DENIED**.

2.      Defendants' Motion in Limine No. 1 is **DENIED**.

3.      Defendants' Motion in Limine No. 2 is **DENIED**.

4.      I have re-read *Sunovion Pharm., Inc. v. Teva Pharm. USA, Inc.*, 731 F.3d 1271,

1273 (Fed. Cir. 2013). Defendants essentially ask that I refuse to apply *Sunovion* to infringement

under the Doctrine of Equivalents. I see no reason to do so, and even if I did it would likely be

reversible error. Defendants point out that *Sunovion* was a much clearer case of infringement

than this one, but that does not warrant disregarding the law of the Federal Circuit. There the Court held that "any so-called certification pledging not to infringe cannot override the conclusion that when a drug manufacturer seeks FDA approval to market a generic compound within the scope of a valid patent, it is an infringement as a matter of law." *Sunovion*, 731 F.3d at 1280. The Court did not say "a generic compound which literally infringes" a valid patent. The Doctrine of Equivalents is "within the scope" of a valid patent. Furthermore, *Sunovion* is not the only case directing that an ANDA specification guide the question of infringement. *See, e.g., Abbott Labs. v. TorPharm, Inc.*, 300 F.3d 1367, 1373 (Fed. Cir. 2002). Defendants' Motion in Limine No. 4 is **DENIED**.

Entered this 23rd day of May, 2014.

United States District Judge