# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRESENIUS KABI USA, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-925-RGA |
| | ) | |
| DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC., | ) | **FILED UNDER SEAL** |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| FRESENIUS KABI USA, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-1015-RGA |
| | ) | |
| WATSON LABORATORIES, INC. and ACTAVIS, INC. | ) | **FILED UNDER SEAL** |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |
| | ) | |

## [PROPOSED] JOINT PRETRIAL ORDER

Plaintiff Fresenius Kabi USA, LLC ("Fresenius") and Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. ("DRL") and Defendants Watson Laboratories, Inc. and Actavis, Inc. ("Watson") (collectively "Defendants") jointly submit this proposed Pretrial Order pursuant to D. Del. L.R. 16.3.

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
P(302) 777-0300
bfarnan@farnanlaw.com

Daryl L. Wiesen
John T. Bennett
Laurie S. Gill
Sundar Subramanyam
Samuel E. Sherry
Todd Marabella
Jennifer L. Ford
GOODWIN PROCTER LLP
Exchange Place
53 State Street Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)
DWiesen@goodwinprocter.com
JBennett@goodwinprocter.com
LGill@goodwinprocter.com
SSubramanyam@goodwinprocter.com
SSherry@goodwinprocter.com
TMarabella@goodwinprocter.com
JFord@goodwinprocter.com

*Attorneys for Plaintiff*
*Fresenius Kabi USA, LLC*

Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
SEITZ ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

Steven A. Maddox
Jeremy J. Edwards
Daniel Kazhdan
KNOBBE, MARTENS, OLSON & BEAR,
LLP
1717 Pennsylvania Avenue N.W., Suite 900
Washington, DC 20006
(202) 640-6400
steve.maddox@knobbe.com
jeremy.edwards@knobbe.com
daniel.kazhdan@knobbe.com

*Attorneys for Defendants*
*Watson Laboratories, Inc. and Actavis, Inc.*

Neal C. Belgam (# 2721)
SMITH, KATZENSTEIN & JENKINS, LLP
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, DE 19899 (302) 504-1688
nbelgam@skjlaw.com

Alan H. Pollack
Frank D. Rodriguez
Dmitry V. Shelhoff
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078 (973) 379-4800
frodriguez@buddlarner.com
apollack@buddlarner.com
dshelhoff@buddlarner.com

*Attorneys for Defendants*
*Dr. Reddy's Laboratories, Ltd. and Dr.*
*Reddy's Laboratories, Inc.*

# TABLE OF CONTENTS

Page

I.    NATURE OF THE ACTION ..................................................................................... 1

   A.    Procedural Posture .................................................................................... 1

   B.    Relief Sought ............................................................................................ 4

   C.    Jurisdiction ............................................................................................... 8

II.   Facts ...................................................................................................................... 9

   A.    Admitted Facts ......................................................................................... 9

   B.    Disputed Facts .......................................................................................... 9

III.  Issues of Law ....................................................................................................... 9

IV.   Statement of Intended Proofs .............................................................................. 9

V.    Trial Exhibits ..................................................................................................... 10

VI.   Witness Lists ...................................................................................................... 11

   A.    Fresenius's Witnesses ............................................................................ 12

   B.    DRL's Witnesses ................................................................................... 12

   C.    Watson's Witnesses ............................................................................... 13

VII.  Deposition Designations ................................................................................... 14

VIII. Proposed Amendments to Pleadings ................................................................. 15

IX.   Motions *in Limine* ............................................................................................ 15

X.    Other Pending Motions ...................................................................................... 15

XI.   Certification of Attempted Resolution of Controversy ..................................... 15

XII.  Order to Control the Course of Action .............................................................. 16

## I.      NATURE OF THE ACTION

### A.      Procedural Posture

1.      This is a civil action for patent infringement under the patent laws (Title 35 of the United States Code) and the Hatch-Waxman Act pertaining to generic pharmaceuticals.  *See* 35 U.S.C. § 100, *et. seq.*; 21 U.S.C. § 355.

2.      This action arises out of Defendants' submission of Abbreviated New Drug Applications ("ANDAs") under § 505 of the Federal Food, Drug, and Cosmetic Act to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, offer for sale, sell in and import into the United States a propofol injectable emulsion product containing 10 mg propofol per 1 ml of emulsion prior to the expiration of U.S. Patent Nos. 5,714,520 (the "'520 patent"); 5,731,355 (the "'355 patent"); 5,731,356 (the "'356 patent"); and 5,908,869 (the "'869 patent") (collectively, the "patents-in-suit").

3.      Under the trade name Diprivan®, Fresenius sells a propofol injectable emulsion product containing 10 mg propofol per 1 ml of emulsion.  Diprivan® is indicated for the induction and maintenance of general anesthesia and sedation in certain patient populations.

4.      Fresenius is the current holder of approved NDA No. 19627 for Diprivan®.

5.      The '520 patent, entitled "Propofol Compostion [sic] Containing Edetate," was issued on February 3, 1998, to Christopher Buchan Jones and John Henry Platt, and Fresenius is the current owner of all rights, title and interest in this patent.

6.      The '355 patent, entitled "Pharmaceutical Compositions of Propofol and Edetate," was issued on February 3, 1998, to Christopher Buchan Jones and John Henry Platt, and Fresenius is the current owner of all rights, title and interest in this patent.

1

7.      The '356 patent, entitled "Pharmaceutical Compositions of Propofol and Edetate," was issued on March 24, 1998, to Christopher Buchan Jones and John Henry Platt, and Fresenius is the current owner of all rights, title and interest in this patent.

8.      The '869 patent, entitled "Propofol Composition Containing Edetate," was issued on June 1, 1999, to Christopher Buchan Jones and John Henry Platt, and Fresenius is the current owner of all rights, title and interest in this patent.

9.      The patents-in-suit are listed with reference to Diprivan® in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly referred to as the "Orange Book").

10.     By letter dated April 11, 2013, DRL sent notice to Fresenius of its ANDA 205067 for generic Diprivan®.  This ANDA included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification") alleging that the claims of the patents-in-suit are invalid and will not be infringed.

11.     By letter dated April 24, 2013, Watson sent notice to Fresenius of its ANDA 205307 for generic Diprivan®.  This ANDA included a Paragraph IV certification alleging that the claims of the patents-in-suit are invalid and will not be infringed.

12.     On May 23, 2013, within forty-five days of receipt of DRL's notice letter, Fresenius filed a complaint against DRL for infringement of the patents-in-suit in the District of Delaware.  (C.A. No. 13-925-RGA, D.I. 1.)  In response, DRL answered Fresenius's complaint on June 10, 2013, asserting counterclaims for non-infringement and invalidity of the patents-in-suit.  (C.A. No. 13-cv-925-RGA, D.I. 7.)

2

13.     On June 6, 2013, within forty-five days of receipt of Watson's notice letter, Fresenius filed a complaint against Watson for infringement of the patents-in-suit in the District of Delaware.  (C.A. No. 13-cv-1015-RGA D.I. 1).  Watson answered on July 30, 2013, asserting counterclaims for non-infringement of the patents-in-suit.  (C.A. No. 13-cv-1015-RGA D.I. 9).

14.     On September 11, 2013, Fresenius, DRL, and Watson stipulated to narrow the issues in dispute as follows: (C.A. No. 13-cv-925-RGA, D.I. 21; C.A. No. 13-cv-1015-RGA D.I. 20)

a.      With respect to the '520, '355, '356, and '869 Patents, Defendants waive all defenses and counterclaims with the exception of their affirmative defenses and counterclaims of non-infringement.

b.      With respect to the '520, '355, '356, and '869 Patents, Defendants' sole noninfringement defense will be that their respective ANDA products do not contain "edetate," "disodium edetate," or any equivalent thereof, as the term "edetate" and "disodium edetate" are used in those patents.

c.      With respect to the '520, '355, '356, and '869 Patents, the Court should adopt the construction of "edetate" set forth in the Federal Circuit's decision in *Abraxis Bioscience, Inc. v. Mayne Pharma (USA) Inc.*, 467 F.3d 1370 (Fed. Cir. 2006).  That decision defined "edetate" to mean "EDTA and derivatives of EDTA, such as salts, but not including structural analogs."  467 F.3d at 1378.

d.      Other than expert discovery, Defendants to take no offensive discovery of Plaintiff or any individuals affiliated with Plaintiff or any other party concerning the claims or defenses arising from the '520, '355, '356, and '869 Patents.

3

15.     Defendants entered into the September 11, 2013 stipulation in exchange for an accelerated discovery schedule and a possible opportunity to file a summary judgment motion. At a March 11, 2014 status conference, the Court indicated that if Defendants pressed their request to file summary judgment, trial would be delayed while the motion was resolved.  The parties have agreed to proceed to trial.

16.     Pursuant to the September 11, 2013 stipulation, Fresenius asserts that Defendants' respective ANDA products infringe the '520, '355, '356, and '869 patents because they contain an equivalent of "edetate" as the term "edetate" is used in the patents-in-suit.

**B.     Relief Sought**

17.     Fresenius seeks the following relief from the Court: (i) a judgment declaring that DRL's submission and filing of ANDA 205067 with a Paragraph IV certification was an act of infringement of the '520, '355, '356, and '869 patents under 35 U.S.C. § 271(e)(2)(A); (ii) a judgment declaring that Watson's submission and filing of ANDA 205307 with a Paragraph IV certification was an act of infringement of the '520, '355, '356, and '869 patents under 35 U.S.C. § 271(e)(2)(A); (iii) a judgment declaring that the commercial manufacture, use, sale, or offer for sale of DRL's ANDA product in the United States, or importation of DRL's ANDA product into the United States, prior to the expiration of the '520, '355, '356, and '869 patents (including any extensions and additional periods of exclusivity) will infringe said patents-in-suit; (iv) a judgment declaring that the commercial manufacture, use, sale, or offer for sale of Watson's ANDA product in the United States, or importation of Watson's ANDA product into the United States, prior to the expiration of the '520, '355, '356, and '869 patents (including any extensions and additional periods of exclusivity) will infringe said patents-in-suit; (v) an order under 35

4

U.S.C. § 271(e)(4)(A) that the effective date of approval of DRL's ANDA No. 205067 shall be no earlier than the expiration date of the patents-in-suit, including any extensions and additional periods of exclusivity; (vi) an order under 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of Watson's ANDA No. 205307 shall be no earlier than the expiration date of the patents-in-suit, including any extensions and additional periods of exclusivity; (vii) a judgment permanently enjoining DRL, its officers, agents, attorneys, employees, successors, affiliates, assigns, and those acting in privity or concert with them, from directly or indirectly engaging in the commercial manufacture, use, sale, or offer for sale of DRL's ANDA product in the United States, or importation of DRL's ANDA product into the United States, or inducing or contributing to any such conduct, until after the expiration date of the patents-in-suit including any extensions and additional periods of exclusivity; (viii) a judgment permanently enjoining Watson, its officers, agents, attorneys, employees, successors, affiliates, assigns, and those acting in privity or concert with them, from directly or indirectly engaging in the commercial manufacture, use, sale, or offer for sale of Watson's ANDA product in the United States, or importation of Watson's ANDA product into the United States, or inducing or contributing to any such conduct, until after the expiration date of the patents-in-suit including any extensions and additional periods of exclusivity; (ix) a judgment ordering that costs are allowed to Fresenius as the prevailing party; (x) a judgment awarding Fresenius any further and additional relief as the Court deems just and proper.  Fresenius reserves the right to seek damages or other monetary relief to compensate Fresenius if Defendants engage in the commercial manufacture, use, offer to sell, sale, or marketing or distribution in, or importation into the United States of Defendants' ANDA products, or any product or compound the use of which infringes the patents-in-suit, or

the inducement or contribution of the foregoing, prior to the expiration of these patents in accordance with 35 U.S.C. § 271(e)(4)(C).  Fresenius reserves its rights to seek attorneys' fees, including but not limited to recovery pursuant to 35 U.S.C. § 285.

18.     Watson seeks (i) a judgment that all claims against Watson be dismissed with prejudice and all relief requested by plaintiff be denied; (ii) a judgment declaring that Watson has not and does not infringe, directly, indirectly, literally or under the doctrine of equivalents, any claim of  the '520, '355, '356, and '869 patents; (iii) a judgment declaring that Watson has a lawful right to obtain FDA approval of ANDA No. 205307 prior to expiration of the '520, '355, '356, and '869 patents; (iv) a judgment declaring that Watson has a lawful right to manufacture, import, use, sell and/or offer to sell Watson's ANDA product in the United States once approved by the FDA; (v) a judgment declaring that Fresenius, its parents and/or subsidiaries, and its agents, representatives, attorneys and those persons in active concert or participation with them who receive actual notice thereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against Watson or any of its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of Watson, or charging any of them either orally or in writing with infringement of the '520, '355, '356, and '869 patents; (vi) a judgment declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285, and that Watson is entitled to recover its reasonable attorneys' fees; (vii) a judgment declaring Watson be awarded costs, attorneys' fees and other relief, both legal and equitable, to which they may be justly entitled; and (viii) a judgment declaring that Watson be awarded such other and further relief as is just and proper.

19.      DRL seeks (i) a judgment that all claims against DRL be dismissed with prejudice and all relief requested by plaintiff be denied; (ii) a judgment declaring that DRL has not and does not infringe, directly, indirectly, literally or under the doctrine of equivalents, any claim of the '520, '355, '356, and '869 patents; (iii) a judgment declaring that DRL has a lawful right to obtain FDA approval of ANDA No. 205067 prior to expiration of the '520, '355, '356, and '869 patents; (iv) a judgment declaring that DRL has a lawful right to manufacture, import, use, sell and/or offer to sell DRL's ANDA product in the United States once approved by the FDA; (v) a judgment declaring that Fresenius, its parents and/or subsidiaries, and its agents, representatives, attorneys and those persons in active concert or participation with them who receive actual notice thereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against DRL or any of its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of DRL, or charging any of them either orally or in writing with infringement of the '520, '355, '356, and '869 patents; (vi) a judgment declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285, and that DRL is entitled to recover its reasonable attorneys' fees; (vii) a judgment declaring DRL be awarded costs, attorneys' fees and other relief, both legal and equitable, to which they may be justly entitled; and (viii) a judgment declaring that DRL be awarded such other and further relief as is just and proper.

**C.      Jurisdiction**

18.      This action arises under the patent laws of the United States of America, 35

U.S.C. § 271(e).

19.      This Court has subject-matter jurisdiction over this action under 28 U.S.C.

§§ 1331, 1338(a), 2201, and 2202.  No party contests subject-matter jurisdiction.

20.      No party contests personal jurisdiction.

21.      No party contests venue.

## II.    FACTS

### A.    Admitted Facts

1.    The parties stipulate to and admit the facts set forth in the attached **Exhibit A.**
These facts are uncontested and require no proof at trial.

### B.    Disputed Facts

2.    Fresenius's statement of the issues of fact that remain to be litigated is set forth in
**Exhibit B**.

3.    DRL's statement of the issues of fact that remain to be litigated is set forth in the
attached **Exhibit C**.

4.    Watson's statement of the issues of fact that remain to be litigated is set forth in
the attached **Exhibit D**.

## III.    ISSUES OF LAW

5.    Fresenius's statement of the issues of law that remain to be litigated is set forth in
the attached **Exhibit E.**

6.    DRL's statement of the issues of law that remain to be litigated is set forth in the
attached **Exhibit F.**

7.    Watson's statement of the issues of law that remain to be litigated is set forth in
the attached **Exhibit G.**

## IV.    STATEMENT OF INTENDED PROOFS

8.    A brief statement of what Fresenius intends to prove in support of its claims is set
forth in the attached **Exhibit H.**

9.      A brief statement of what DRL intends to prove in support of its claims is set forth in the attached **Exhibit I.**

10.     A brief statement of what Watson intends to prove in support of its claims is set forth in the attached **Exhibit J.**

## V.      TRIAL EXHIBITS

11.     Fresenius's list of premarked exhibits that it intends to offer at trial, including Defendants' objections, is attached as **Exhibit K**.

12.     DRL's list of premarked exhibits that it intends to offer at trial, including Fresenius's objections, is attached as **Exhibit L**.

13.     Watson's list of premarked exhibits that it intends to offer at trial, including Fresenius's objections, is attached as **Exhibit M**.

14.     The fact that a party includes an exhibit on its list does not constitute a waiver by that party of any objection to the use of such exhibit by the other party.  Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party.

15.     Any document produced by a party, or by a third party subject to a subpoena, that on its face appears to have been authored by an employee, officer, or agent of that party or of an entity that produced said document under contract with the producing party shall be deemed prima facie evidence of authenticity, subject to the right of the party against whom such document is offered to adduce evidence to the contrary.

16.     Any document produced by a party, or by a third party subject to a subpoena, that on its face appears to have been published shall be deemed prima facie evidence of authenticity,

10

subject to the right of the party against whom such document is offered to adduce evidence to the contrary.

17.     The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated as having been given under oath, whether or not the answers were signed or verified by the party making them.

18.     Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or it would be unfair to admit the copy in lieu of the original.

19.     Plaintiffs and Defendants shall exchange 2 copies of witness binders containing the deposition testimony of the witness and any exhibits to be used with that witness at the start of a witness's direct examination.  Plaintiffs will use white colored binders and the Defendants will use black colored binders.

20.     Each party shall provide the other party with notice by 7 p.m. Sunday, June 1, 2014, of all exhibits, deposition excerpts, and demonstratives that the party may use in opening statements.

**VI.     WITNESS LISTS**

21.     The listing of a witness on the "will call" section of a party's witness list constitutes a representation that the party expects to call the witness to testify live at trial, but does not require that party to call that witness to testify, either in person or by deposition. If a party decides not to call a witness listed on that party's "will call" list to testify live at trial, that party will timely notify any opposing party.  The opposing party may designate deposition testimony from witnesses removed from the "will call" list and there can be no objection that the

designations are untimely.  In that case, counter-designations will be allowed, and there can be no objections that such counter-designations are untimely.

### A.    Fresenius's Witnesses

22.    Fresenius intends to call the following witnesses to testify during trial.  This list represents Fresenius's good-faith understanding and expectations, but to the extent that a witness's circumstances change, Fresenius reserves the right to call that witness by deposition, subject to the resolution of objections by Defendants.

- Stanley S. Davis, Ph. D. (will call live):

  Dr. Davis is an expert witness on behalf of Fresenius who will testify concerning the presence of an equivalent to edetate in Defendants' products.

- Norman A. Hodges, Ph. D. (will call live):

  Dr. Hodges is an expert witness on behalf of Fresenius who will testify concerning the presence of an equivalent to edetate in Defendants' products.

23.    Fresenius may call the following witnesses by deposition: Cindy Katsempris; Thomas Kupiec; Enrico Paroni; Paul Procopio; Ajay Singh; Chandran Tiruvattar; Pui-Ho Yuen.

24.    Fresenius reserves the right to call any additional witnesses necessitated by any of the Court's pretrial or trial rulings.  Fresenius also reserves the right to call: (a) additional witnesses to provide testimony necessary to establish the authenticity or admissibility of any trial exhibit; (b) any witnesses identified by DRL or Watson; or (c) additional witnesses to respond to issues raised after the submission of this list.

### B.    DRL's Witnesses

25.    Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. ("DRL") identify the following potential witnesses whose testimony may be offered live or by

deposition at trial. DRL incorporates by reference all witnesses who appear on any version of Plaintiff's witness list. DRL additionally incorporates by reference all witnesses who appear on any version of the witness list of Watson Laboratories, Inc./Actavis. DRL reserves the right to modify this list at any time prior to entry of the Final Pretrial Order.

> 1. Pui-Ho Yuen, c/o Dr. Reddy's Laboratories, Inc., 170 College Road East, Princeton, NJ 08540. (will call by deposition)
>
> 2. Chandran Tiruvattar, c/o Dr. Reddy's Laboratories, Inc., 170 College Road East, Princeton, NJ 08540. (will call live or by deposition)
>
> 3. Enrico Paroni, c/o Corden Pharma Caponago, viale dell'Industria, 3, 20867 Caponago. (will call by deposition)
>
> 4. Alexander M. Klibanov, Ph.D., Department of Chemistry, Massachusetts Institute of Technology, Cambridge, MA 02139. (will call live)
>
> 5. Scott Van Wagenen Sutton, Ph.D., 150 Parkway Drive, North Chili, NY 14514. (will call live)
>
> 6. Any and all witnesses as identified by Plaintiff or Defendant Watson Laboratories, Inc. and Actavis, Inc.

**C.    Watson's Witnesses**

26.    Watson intends to call the following witnesses to testify in person during trial. This list represents Watson's good-faith understanding and expectations, but to the extent that a witness's circumstances change, Watson reserves the right to call that witness by deposition, subject to the resolution of any objections.

- Professor Jean-Yves Maillard

- Professor Robert Hancock

- Thomas Kupiec, Ph.D.

27.    Watson may call the following witnesses in person at trial or by deposition:

- Cindy Katsempris

- Ajay Singh

28.     Watson may call the following witness by deposition:

- Enrico Paroni

29.     Watson reserves the right to call any additional witnesses necessitated by any of the Court's pretrial or trial rulings.  Watson also reserves the right to call: (a) additional witnesses to provide testimony necessary to establish the authenticity or admissibility of any trial exhibit; (b) any witnesses identified by Plaintiff or DRL; or (c) additional witnesses to respond to issues raised after the submission of this list.

## VII.     DEPOSITION DESIGNATIONS

30.     Fresenius's list of proposed deposition designations, accompanied by Defendants' objections and counter-designations, is attached as **Exhibit N**.

31.     DRL's list of proposed deposition designations, accompanied by Fresenius's objections and counter-designations, is attached as **Exhibit O**.

32.     Watson's list of proposed deposition designations, accompanied by Defendants' objections and counter-designations, is attached as **Exhibit P**.

33.     The parties may not list new deposition designations or counter-designations or provide new objections to listed designations or counter-designations, except for good cause shown or by agreement of the parties.

34.     If any party withdraws any of its deposition designations before or during trial, an opposing party may, subject to any previously asserted objections to admissibility, still use (a) any of its counter-designations irrespective of the withdrawn designations and (b) any of the withdrawn designations as counter-designations.

14

35.     A party's designation of a page and a line from a transcript is deemed to include any errata included for that page and line in the associated errata sheets.

## VIII.    PROPOSED AMENDMENTS TO PLEADINGS

36.     The parties do not desire any amendments to the pleadings.

## IX.    MOTIONS *IN LIMINE*

37.      The parties' briefs regarding Plaintiffs' Motion *in Limine* to Preclude Defendants from Offering Evidence on any Issue Other Than Whether the Defendants' ANDA Products Will Contain an Equivalent of Edetate are attached as **Exhibit Q**.

38.     The parties' briefs regarding Defendants' Motion *in Limine* to Limit Evidence of Equivalence to the Function, Way and Result Previously Determined by the Federal Circuit for Edetate in the Patents-in-Suit are attached as **Exhibit R**.

39.     The parties' briefs regarding Defendants' Motion *in Limine* to Preclude Plaintiff's Experts from Opining that ███████████████████████ are attached as **Exhibit S**.

40.     The parties' briefs regarding Defendants' Motion *in Limine* that Fresenius May Not Impute the Presence of Dipropofol Merely from Defendants' ANDA Specifications are attached as **Exhibit T**.

## X.    OTHER PENDING MOTIONS

41.     Defendants' Motion to Limit the Application of the Doctrine of Equivalents dated April 18, 2014 is pending.  Plaintiffs filed an Opposition to that Motion on May 2, 2014 and Defendants filed a Reply Memorandum on May 9, 2014.

## XI.    CERTIFICATION OF ATTEMPTED RESOLUTION OF CONTROVERSY

42.     The parties have engaged in good-faith efforts to explore the resolution of this case by settlement.  No agreement has been reached at this time.

## XII.   ORDER TO CONTROL THE COURSE OF ACTION

43.     This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated: May, 16, 2014

FARNAN LLP

By:_____/s/Brian E. Farnan_____
    Brian E. Farnan (Bar No. 4089)
    FARNAN LLP
    919 North Market Street
    12th Floor
    Wilmington, DE 19801
    P(302) 777-0300
    bfarnan@farnanlaw.com

OF COUNSEL:

Daryl L. Wiesen
John T. Bennett
Laurie S. Gill
Sundar Subramanyam
Samuel Sherry
Todd Marabella
Jennifer L. Ford
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)
DWiesen@goodwinprocter.com
JBennett@goodwinprocter.com
LGill@goodwinprocter.com
SSubramanyam@goodwinprocter.com
SSherry@goodwinprocter.com
TMarabella@goodwinprocter.com
JFord@goodwinprocter.com


*Attorneys for Plaintiff*
*Fresenius Kabi USA, LLC*

SEITZ ROSS ARONSTAM & MORITZ LLP

By:_____/s/Benjamin J. Schladweiler_____
    Collins J. Seitz, Jr. (Bar No. 2237)
    Benjamin J. Schladweiler (Bar No. 4601)
    SEITZ ROSS ARONSTAM & MORITZ
    LLP
    100 S. West Street, Suite 400
    Wilmington, DE 19801
    (302) 576-1600
    cseitz@seitzross.com
    bschladweiler@seitzross.com

OF COUNSEL:

Steven A. Maddox
Jeremy J. Edwards
Daniel Kazhdan
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W., Suite 900
Washington, DC 20006
(202) 640-6400
steve.maddox@knobbe.com
jeremy.edwards@knobbe.com
daniel.kazhdan@knobbe.com

*Attorneys for Defendants*
*Watson Laboratories, Inc. and Actavis, Inc.*

SMITH, KATZENSTEIN & JENKINS. LLP

By:_____/s/ Neal C. Belgam_____
    Neal C. Belgam (# 2721)
    SMITH, KATZENSTEIN & JENKINS, LLP
    800 Delaware Avenue, Suite 1000
    P.O. Box 410
    Wilmington, DE 19899

17

(302) 504-1688
nbelgam@skjlaw.com

OF COUNSEL:

BUDD LARNER, P.C.
Alan H. Pollack
Frank D. Rodriguez
Dmitry V. Shelhoff
150 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 379-4800
frodriguez@buddlarner.com
apollack@buddlarner.com

*Attorneys for Defendants*
*Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's*
*Laboratories, Inc.*

**IT IS SO ORDERED.**

Dated: _____        _____
                                      The Honorable Richard G. Andrews